MARTIN et al. v. DELAWARE, L. & W. R. CO.

(Supreme Court, Appellate Term, Second Department.   May 23, 1913.)

CARRIERS (§ 135*)—INJURY TO SHIPMENT—DAMAGES.

A carrier is liable for injury caused, and not for expense of discovering whether there was injury; and so, 11 cases of a car of eggs being broken, and an examination of 20 unbroken cases showing internal injury in 17, the consignee cannot collect of the carrier for expense of examining the other 252 cases, having no external injury, and showing, on examination, no internal damage.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 557–559, 599–602, 603; Dec. Dig. § 135.*]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by George W. Martin and another against the Delaware, Lackawanna & Western Railroad Company.   From a judgment for plaintiffs, defendant appeals.   Modified and affirmed.

Argued May term, 1913, before CRANE, KAPPER, and KELBY, JJ.

Douglas Swift, of New York City, for appellant.
Franklin Taylor, of New York City, for respondents.

PER CURIAM.   The only serious dispute in this case is over the charge of $25.20 for repacking 252 cases of undamaged eggs.   In May, 1911, 297 cases of eggs were shipped by the Delaware, Lackawanna & Western Railroad to G. W. Martin & Bros., °/₀ Merchants' Refrigerating Company, Jersey City.   When the car arrived, 11 cases were found broken, and upon examination of 20 unbroken cases, taken promiscuously from various parts of the car, 17 showed top breakage.   Thereupon 252 of the cases, which showed no external damage, and which upon being opened indicated no internal damage, were repacked at a cost of $25.20.

That the railroad company is liable for the broken and cracked eggs and damaged cases is evident; but it is not liable, upon the evidence in this case, for the repacking of undamaged goods.   That eggs might be broken in transit without the external boxing showing any injury is established by the facts in this case.   Would a consignee be justified in repacking eggs at the expense of the carrier, where there was no external evidence of breakage, in order to ascertain whether the eggs were cracked before he put them in storage?   And, if not, would he be justified in so doing if one box or crate of a large shipment showed external injury?

The difficulty of fixing upon the fact to justify such repacking at the carrier's expense is quite evident. . The rule must be, in order to bring liability within proper and practical limits, that the carrier is liable for the injury caused, and not for expenses to ascertain whether injury has been caused.   Of course, these statements are confined to the facts as they are established in this case, as the evidence shows no other necessity for repacking, except the desire to ascertain injury.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The judgment herein is therefore modified, by deducting $25.20, the expense of repacking 252 cases of eggs, less $2.26 interest, making a total of $27.46. As thus modified, the judgment for the plaintiff is affirmed, without costs to either party.